NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO TRINIDAD MURCIA,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   15-73735<br><br>Agency No. A094-378-779<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2022[**]
San Francisco, California

Before: SILER,[***] TASHIMA, and M. SMITH, Circuit Judges.

Roberto Murcia, a native and citizen of El Salvador, petitions this court to

review the denial of his applications for withholding of removal and for protection

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under the Convention Against Torture (CAT). Murcia, a former member of the Norteño gang, alleged a fear of persecution and torture by rival gang members if removed to El Salvador. He also alleged that he would be in danger because of his uncle's involvement with ARENA, a political party with a robust anti-gang agenda, and because he may move back to the town where he believes his abusive father still lives. The Immigration Judge (IJ) and Board of Immigration Appeals (BIA) rejected Murcia's CAT and withholding-of-removal claims based on political opinion, imputed political opinion, domestic abuse, and membership in the proposed particular social group (PSG) of "former Norteño gang members." For the reasons that follow, we dismiss in part and deny in part the petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion, reversing the agency "when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021) (citation omitted). And we review any factual findings for substantial evidence, leaving them undisturbed "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

First, substantial evidence supports the BIA's determination that Murcia's proposed PSG of "former members of the Norteño gangs" lacks social distinction. A cognizable PSG is "(1) composed of members who share a common immutable

2

characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). Social distinction refers to whether "the people of a given society would perceive a proposed group as sufficiently separate or distinct." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). Because only country-specific evidence can shed light on such a question of societal perception, the agency must necessarily conduct its inquiry on a "case-by-case, country-by-country, and, in some cases, region-by-region" basis. *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020).

Murcia argues that the BIA failed to perform the required "evidence-based inquiry" in its social-distinction determination and failed to consider evidence that Murcia had publicly denounced his former gang. However, the agency indicated that it had reviewed the entire record before concluding that Murcia's PSG lacked social distinction. And when the BIA states that it reviewed the record, we presume that it did just that. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Murcia's broad statement that the BIA failed to perform a more intensive inquiry does not overcome this presumption.

Nor does the record evidence, in any event, compel reversal. Murcia offered as evidence the 2013 U.S. State Department Human Rights Report on El Salvador and two articles discussing the breakdown of truces among gangs in El Salvador.

These sources hardly discuss former gang members, let alone shed any light on the societal perception of former gang members in El Salvador.

To the extent that Murcia, for the first time, attempts to redefine his PSG to include "concrete steps taken in open opposition to gangs" we lack jurisdiction to consider the argument. 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies).

Second, substantial evidence supports the BIA's conclusion that Murcia failed to establish a clear probability of torture. For protection under CAT, Murcia must show that it is "more likely than not that . . . [he] would be tortured if removed" to El Salvador. 8 C.F.R. § 1208.16(c)(2). There is no subjective component to an applicant's fear of torture, which is defined as "an extreme form of cruel and inhuman treatment." *id*. § 1208.18(a)(2). Rather, a CAT claim must be based entirely on an objective fear of torture. *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Thus, an applicant cannot satisfy his burden by asserting only a speculative fear of torture. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (citing *Matter of V-X-*, 26 I. & N. Dec. 147, 154 (BIA 2013)).

Murcia asserts that his former gang ties, his opposition to gangs, and his uncle's affiliation with ARENA put him at a substantial risk of torture by gang members with the acquiescence of the Salvadoran government. But Murcia's fears are speculative. When asked how rival gang members might recognize Murcia as a

former Norteño gang member, Murcia explained that his father may have told others in the community about his involvement. When asked how Murcia knew his uncle was still involved with the ARENA political party, Murcia answered that his uncle was assaulted but that he did not know whether the incident was related to his uncle's political association or was a robbery. These assertions are insufficient to compel the conclusion that Murcia will likely be tortured if removed to El Salvador.

Finally, Murcia has waived his claims that he fears further domestic abuse from his father, that he fears persecution because of a political opinion, and that he fears persecution because of an imputed political opinion based on his uncle's involvement with ARENA. He either failed to sufficiently argue or to raise at all these issues in his brief. *See United States v. Graf*, 610 F.3d 11148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). Thus, we affirm the BIA on those claims.

The petition is accordingly **DISMISSED** in part for lack of jurisdiction and otherwise **DENIED**.